On Application fob Reheabins-..
Mare, J.
The mortgagor, Yickers, with the consent of the mortgagees, Winston Morrison & Co., sold to Mulhern part of the land mortgaged. The mortgagees received the entire price; and they gave-an order, in writing, to the recorder, to cancel the mortgage so far as it bore upon this part of the land. This was not done because the mortgage notes were not presented to the recorder. The mortgagees promised to send the notes to the recorder, but failed to do so. They credited the price paid by Mulhern on one of the Yickers’ mortgage notes, which they afterwards endorsed specially and delivered to Chaffe, Brother & Son in part payment of a debt.
The recorder retained the order to cancel from the day of its date, 12lh August, 1873; and he finally recorded it, in the book of mortgages, under date 4th September, 1875, and made a pencil memorandum in-the margin of the record of the Yickers mortgage, referring to the book and page of the record of the order to cancel.
There were three mortgage notes given by Yickers, to the order off Winston Morrison & Co., each for §12,650; payable, respectively, May 1, 1873,1874,1875. In July, 1873, the note maturing 1st May, 1874, was delivered to R. T. Jennings, endorsed by the payees and by W. Morrison & Co., their successors, with other notes, as collateral for a debt of §8400, which they owed him. The note payable ^st May, 1875, was. the one endorsed to Chaffe, Brother & Son, with the credits on it, and the one payable 1st May, 1873, W. Morrison & Co. retained until it passed to their assignees in bankruptcy, 16th June, 1874.
A mortgage is not negotiable, in the sense of the commercial law? *684 and whether it be transferred by separate assignment, or merely as accessory to .the negotiable note secured by it, the transferee has no greater rights than his transferror had at the date of the transfer. If the mortgage has been extinguished, or for any cause has ceased to be a subsisting obligation, so that it could no longer be enforced by the mortgagee, it cannot be enforced by the transferee. See Schmidt vs. Frey, 8 Rob. 435; Bowman vs. McElroy, 14 An. 587; Doll vs. Rizotti, 20 An. 264.
If this be true with respect to the mortgagor, with how much greater force must the rule apply to the third possessor, who has > paid the price of his purchase to the mortgagee, extinguished, pro tanto, the mortgage debt, and obtained from the mortgagee an order to cancel the mortgage.
The two notes payable 1st May, 1873, and 1st May, 1875, passed from the possession, and ownership of the mortgagees after the order to cancel had been delivered by the mortgagees to the recorder; and the mortgage, with respect to them, was extinguished on the 12th August, 1873, so far as it bore upon the land sold to Mulhern.
The note held by J ennings was specially endorsed to him. or his order. Jennings delivered it without endorsement to Ohaffe, long after its maturity, and during the pendency of this suit. Ohaffe did not acquire it, therefore, in the usual course of business, before maturity, without notice. When J ennings, with the consent of Morrison, sold the note to Ohaffe, or rather, his interest in the suit then pending on the note, the extent of his right and interest”was fixed at 54200, the price paid him by Ohaffe; and Ohaffe had no right to enforce the mortgage as against the land sold to Mulhern, except to the extent of the 51200; and interest from the 23d March, 1876, the date of the payment by him to Jennings, upon the hypothesis that he succeeded to all the rights of Jennings.
But the property mortgaged to secure all the notes, which was not sold to Mulhern, had been sold, at the second sale by the sheriff, part to Farmer for 51000, and the remainder, nominally to Ohaffe, but in reality to Mrs. Tickers, for 511=572, making in all 518,572, to be applied to each of the three notes owned by Ohaffe. There were large credits on the notes which matured in May, 1873, and May, 1875. But applying the total proceeds to the three notes equally, the portion to each would be 56190, which extinguished the amount due Ohaffe on the note which he acquired from Jennings, the only one of the three which could have been enforced against the property sold to Mulhern, under the most favoraole hypothesis for Ohaffe.
The rehearing is therefore refused.